**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PPC BROADBAND, INC.,
d/b/a PPC,**

                **Plaintiff,**                5:13-cv-538
                                                      (GLS/DEP)

           v.

**CORNING GILBERT INC.,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Hiscock, Barclay Law Firm | DOUGLAS J. NASH, ESQ. |
| One Park Place | JASON C. HALPIN, ESQ. |
| 300 South State Street | JOHN D. COOK, ESQ. |
| Syracuse, NY 13202-2078 | |
| **FOR THE DEFENDANT:** | |
| DLA Piper LLP | ANDREW N. STEIN, ESQ. |
| 500 Eighth Avenue NW | JOSEPH P. LAVELLE, ESQ. |
| Washington, DC 22004 | |
| Harter, Secrest Law Firm | DAVID M. LASCELL, ESQ. |
| 1600 Bausch and Lomb Plaza | JERAULD E. BRYDGES, ESQ. |
| Rochester, NY 14604-2711 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff PPC Broadband, Inc. commenced this action asserting a patent infringement claim against Corning Gilbert Inc. (Compl., Dkt. No. 1.) Pending is Corning Gilbert's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 10.) For the reasons that follow, the motion is denied.

## II. Background

### A. Facts[1]

Both PPC and Corning Gilbert are engaged in the business of designing and manufacturing coaxial cable connectors. (Compl. ¶¶ 7-8, 18.) On November 13, 2002, PPC filed a patent application for a coaxial cable connector, (*id.* ¶ 12), which was approved and issued to PPC on January 13, 2004 as U.S. Patent No. 6,676,446 ("446 patent"), (*id.* ¶ 13; Dkt. No. 1, Attach. 1). PPC has not licensed the use of this patent to Corning Gilbert. (Compl. ¶ 14.)

PPC alleges that Corning Gilbert has infringed the 446 patent by "making, using, selling, offering for sale, and/or importing coaxial cable connectors," specifically Corning Gilbert's UltraRange series connectors.

---

[1] The facts are drawn from PPC's complaint and presented in the light most favorable to them.

(*Id.* ¶ 18.)

B.  **Procedural History**

The instant case, involving the alleged infringement of the 446 patent, was commenced on May 8, 2013.  (Compl.)  At the time this action was commenced, PPC had already commenced another patent infringement action against Corning Gilbert, which remains pending.  (Dkt. No. 1, 5:11-cv-761.)  In that earlier-filed case, PPC alleges that Corning Gilbert's manufacture, sale, and importation of its UltraRange coaxial cable connectors infringes on different PPC patents from the one involved in this lawsuit, namely U.S. Patent Nos. 6,558,194 ("194 patent") and 6,848,940 ("940 patent").  (*Id.* ¶ 1.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV.  Discussion

Corning Gilbert contends that the instant action filed by PPC regarding the 446 patent should be dismissed pursuant to the "claim

3

splitting" doctrine, as duplicative of another action previously filed by PPC against Corning Gilbert. (Dkt. No. 10, Attach. 2 at 4-13.) In opposition, PPC contends that each patent represents a different cause of action, and therefore the claim splitting doctrine would not require dismissal of the second lawsuit. (Dkt. No. 16 at 4-12.)

The parties agree that, while *res judicata* is governed by regional circuit law, *see Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008), the specific question of whether two claims for patent infringement are identical or constitute the same cause of action is one that is unique to patent law, and therefore is governed by Federal Circuit law, *see id.* at 1323-24; (Dkt. No 10, Attach. 2 at 5; Dkt. No. 16 at 3).

"The rule against claim splitting is well-established." *Salib v. I.C. Sys., Inc.*, No. Civ.A.3:01–CV1083, 2002 WL 31060368, at *2 (D. Conn. July 24, 2002). That rule "prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." *Id.* (internal quotation marks and citation omitted). Under the claim splitting doctrine, "a party cannot avoid the effects of *res judicata* by splitting [its] cause of action into separate grounds of recovery and then raising the separate grounds in successive

4

lawsuits." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 91 (S.D.N.Y. 2002) (citations omitted). "Rather, a party must bring in one action all legal theories arising out of the same transaction or series of transactions." *Id.* (citation omitted). Thus, *res judicata* bars claims in a subsequent action where, among other things, "the claims asserted in th[at] subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (internal quotation marks and citation omitted). However, *res judicata* applies to bar later litigation only when the two cases involve "the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007).

"Whether a claim . . . could have been raised [in a prior action] depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims." *Pike*, 266 F.3d at 91 (internal quotation marks and citation omitted); see *Coleman v. B.G. Sulzle, Inc.*, 402 F. Supp. 2d 403, 418-19 (N.D.N.Y. 2005).

In the specific context of patent infringement suits, the Federal Circuit has held that infringement claims based on different patents do not satisfy

the "same transaction" requirement; rather, because "each patent establishes an independent and distinct property right, . . . [e]ach patent asserted raises an independent and distinct cause of action." *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996) ("Each . . . patent[] . . . is, by law, directed to a separate invention. Indeed, two independent and distinct inventions can not be claimed in the same patent," (citing 35 U.S.C. §§ 101, 121)); *see Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 476 (Fed. Cir. 1991) (describing a "cause of action" as "a suit on the same device alleged to infringe *the same patent*," (emphasis added)). This proposition has since been followed by several district courts. *See, e.g., Trading Techs. Int'l, Inc. v. BCG Partners, Inc.*, No. 10 C 715, 2011 WL 3157304, at *4 (N.D. Ill. July 26, 2011) ("In other words, where the patents involved in the two suits are different, . . . each patent creates a unique set of 'transactional facts' for purposes of claim preclusion"); *SciMed Life Sys. v. Advanced Cardiovascular Sys., Inc.*, No. C 99-0112, 1999 WL 33244568, at *1 (N.D. Cal. May 17, 1999) ("*Kearns* is . . . dispositive of [the] suggestion that a procedural bar should lie against [a second patent infringement] suit under a 'should have been brought' theory, because each patent constitutes its own independent cause of action."); *Stratos*

*Lightwave, Inc. v. Picolight, Inc.*, No. Civ.A.03-917, 2005 WL 681308, at *2 (D. Del. Mar. 23, 2005) (holding that the "claim splitting" doctrine did not apply where different patents were asserted in successive lawsuits).

Here, Corning Gilbert's motion must be denied. Corning Gilbert is essentially asserting that the claim of infringement of the 446 patent is so related to the claims of infringement of the 194 and 940 patents that they should have been brought in the same case, and the failure to do so should preclude PPC from now bringing the 446 patent infringement claim in this later action. (*Id.*) However, as discussed above, *Kearns* makes clear that each patent represents a distinct cause of action, and, therefore, a second patent infringement action is not precluded where it deals with different patents from those raised in an earlier action. *See* 94 F.3d at 1555; *SciMed Life Sys.*, 1999 WL 33244568, at *1.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Corning Gilbert's motion to dismiss (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that the parties notify Magistrate Judge Peebles in order to schedule further proceedings in accordance with this Memorandum-

Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 21, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court