**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**PPC BROADBAND, INC., d/b/a PPC,**

       *Plaintiff,*

      **-vs-**

**CORNING GILBERT INC.,**

       *Defendant*.

Civil Action No. 5:13-cv-00538

## DEFENDANT CORNING GILBERT INC.'S ANSWER & COUNTERCLAIM

Defendant Corning Gilbert Inc. ("Corning Gilbert") hereby answers the numbered paragraphs of the Complaint as follows:

### Nature of Action

1.    This action, brought under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, seeks relief arising out of Gilbert's infringement of U.S. Patent No. 6,676,446 (the "'446 Patent") of which PPC is the owner by assignment. A true and correct copy of the '446 Patent is attached hereto as Exhibit A.

**Answer to Paragraph 1:**    **Corning Gilbert admits that this action is brought under the Patent Laws of the United States, 35 U.S.C. §1, et seq.  Corning Gilbert admits that a copy of the '446 Patent was attached to the Complaint as Exhibit A.  Corning Gilbert denies that it infringes the '446 Patent.  Corning Gilbert is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them.**

### Parties

2.    PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

**Answer to Paragraph 2:** **Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

3.       Upon information and belief, Corning Gilbert is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5320 W. Camelback Road, Glendale, Arizona.

**Answer to Paragraph 2:** **Corning Gilbert admits that it is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5320 W. Camelback Road, Glendale, Arizona.   Corning Gilbert denies the remaining allegations of this paragraph.**

<u>**Jurisdiction and Venue**</u>

4.       This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

**Answer to Paragraph 4:** **Corning Gilbert admits that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.   Corning Gilbert denies the remaining allegations of this paragraph.**

5.       This Court has personal jurisdiction over Corning Gilbert, which regularly engages in extensive business transactions and solicitations in the State of New York and within this District, has contracted to supply goods and services within this District, and/or has committed acts of patent infringement in this District by making, selling and/or offering to sell, directly and/or through its agents or distributors, products that infringe one or more of the claims of one or more of PPC's patents.

**Answer to Paragraph 5: Corning Gilbert admits that this Court has personal jurisdiction over it in this case.   Corning Gilbert denies that it has committed acts of patent infringement in this District and denies the remaining allegations of this paragraph.**

6.       Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400, because, upon information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this District.

2

**Answer to Paragraph 6:      Corning Gilbert admits that venue over it exists in this district under 28 U.S.C. §§ 1391 and/or 1400.  However, Corning Gilbert denies that this is the most appropriate or convenient forum to exercise jurisdiction over this case.  Corning denies the remaining allegations of this paragraph.**

<u>**Factual Allegations**</u>

**The Industry**

7.      PPC is a worldwide leader in the design and manufacture of coaxial cable connectors for the cable and telecommunication industries.

**Answer to Paragraph 7:      Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

8.      PPC invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of innovative cable connector products.

**Answer to Paragraph 8:      Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

9.      Coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.

**Answer to Paragraph 9:      Corning Gilbert admits that coaxial cable connectors are used to link coaxial cable between various electronic devices, including televisions, cable television boxes and computer modems.**

10.      PPC's cable connectors are used indoors and outdoors to connect cables from external sources *(e.g.,* a utility pole) to end-user electronic devices.

**Answer to Paragraph 10:      Corning Gilbert admits that cable connectors generally can be used indoors and outdoors to connect cables from external sources (e.g., a utility pole) to end-user electronic devices.  Corning Gilbert denies the remaining allegations of this paragraph.**

11.      Due to the high cost of labor associated with installing and maintaining cable connections, manufacturers of coaxial cable connectors attempt to design connectors that allow installers to create a long-term, reliable connection as quickly and easily as possible.

3

**Answer to Paragraph 11:**  **Corning Gilbert admits that some coaxial cable connectors are designed to be installed to create a long-term, reliable connection. Corning Gilbert denies the remaining allegations of this paragraph.**

### The '446 Patent

12.     On November 13, 2002, PPC filed a patent application on the invention of Noah Montena, U.S. Patent Application Serial No. 10/293,781 (the "'781 Application"), entitled "Connector And Method Of Operation".

**Answer to Paragraph 12:**   **Corning Gilbert admits that on November 13, 2002, PPC filed a patent application on behalf of purported inventor Noah Montena that was assigned U.S. Patent Application Serial No. 10/293,781 and was entitled "Connector And Method Of Operation."  Corning Gilbert denies the remaining allegations of this paragraph.**

13.     On January 13, 2004, the '781 Application resulted in the issuance of the '446 Patent. The '446 Patent was assigned to PPC. PPC is the sole owner of, and has the sole right to sue upon, the '446 Patent.

**Answer to Paragraph 13:**   **Corning Gilbert admits that on January 13, 2004, the '781 Application issued as the '446 Patent, but denies that the patent was properly issued or issued in accordance with the Patent Laws of the United States.  Corning Gilbert admits that the '446 Patent purports to be assigned to John Mezzalingua Associates, Inc.  Corning Gilbert is without sufficient information to either admit or deny the remaining allegations of this paragraph, and on that basis, denies them.**

14.     PPC has not licensed Gilbert to practice the '446 Patent and Gilbert has no right or authority to license others to practice the '446 Patent.

**Answer to Paragraph 14:**   **Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

15.     PPC has complied with 35 U.S.C. § 287 with respect to the '446 Patent.

**Answer to Paragraph 15:**   **Corning Gilbert is without sufficient information to either admit or deny the allegations of this paragraph, and on that basis, denies them.**

4

16.     Corning Gilbert has actual notice of its infringement of the '237 Patent at least as a result of the commencement of this action.

**Answer to Paragraph 16:   Corning Gilbert admits that it became aware of the '446 Patent on the day this action was filed.  Corning Gilbert denies the remaining allegations of this paragraph.**

## Count I
### (Infringement of the '446 Patent)

17.     PPC repeats and reasserts all allegations contained in Paragraphs 1 through 16 above as if they were stated in full herein.

**Answer to Paragraph 17:   Corning Gilbert incorporates by reference, as fully set forth herein, its responses to paragraphs 1-16 of the Complaint.**

18.     Gilbert has infringed at least one claim of the '446 Patent, within the meaning of 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing coaxial cable connectors, including, but not necessarily limited to, Gilbert's UltraRange series connectors that bear model numbers such as GF-UR-59, GF-UR-59-HEC, GF-UR-59-K, GF-UR-59-SR, GF-UR-6, GF-UR-6-K, GF-UR-6-P, GF-UR-6-PL, and GF-UR-6-SR, and Gilbert's UltraShield series connectors that bear model numbers such as GF-URS-59, GF-URS-59-K, GF-URS-59-K-SR, GF-URS-59-SR, GF-URS-6, GF-URS-6-K, GF-URS-6-K-SR, GF-URS-6-SR, GF-URS-6-P-K, GF-URS-6-P-SR.

**Answer to Paragraph 18:   Corning Gilbert denies the allegations of this paragraph.**

19.     Corning Gilbert's acts of infringement cause PPC irreparable harm and damages in an amount to be proven at trial, including lost sales, lost profits, lost sales opportunities, and loss of good will.

**Answer to Paragraph 19:   Corning Gilbert denies the allegations of this paragraph.**

EAST\66682346.1

20.    Upon information and belief, Corning Gilbert's unlawful infringing activity will continue unless and until Corning Gilbert is enjoined by this Court from further infringement, and such infringement will be willful, deliberate, and intentional.

**Answer to Paragraph 20:**    **Corning Gilbert denies the allegations of this paragraph.**

21.    Corning Gilbert's continuing infringement will cause PPC further irreparable harm and damages, and entitle it to recover, among other things, treble damages, attorney fees, and costs.

**Answer to Paragraph 21:**    **Corning Gilbert denies the allegations of this paragraph.**

6

## CORNING GILBERT'S DEFENSES

### FIRST DEFENSE

22.     PPC's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

23.     Corning Gilbert does not infringe and has not infringed any valid and enforceable claim of the '446 Patent.

### THIRD DEFENSE

24.     The '446 Patent is invalid for failure to comply with the requirements of patentability stated in Title 35, United States Code § 1, *et seq*.

### FOURTH DEFENSE

25.     PPC's claims are barred in whole or in part by the doctrines of waiver, acquiescence, laches, estoppel, implied license, unclean hands and/or any other equitable remedy.

### FIFTH DEFENSE

26.     PPC's claims are barred in whole or in part by the doctrine of *res judicata*, collateral estoppel, the rule against duplicative litigation, and/or claim splitting.

### SIXTH DEFENSE

27.     Corning has engaged in all relevant activities in good faith, thereby precluding PPC, even if it prevails, from recovering reasonable attorney's fees and/or costs under 35 U.S.C. 285.

### SEVENTH DEFENSE

28.     PPC's claim for damages is barred in whole or in part by the doctrine against double recovery.

### EIGHTH DEFENSE

29.     PPC is not entitled to any injunctive relief as it has, at a minimum, an adequate remedy at law and will not suffer any irreparable injury.

EAST\66682346.1

## NINTH DEFENSE

30.      By reason of proceedings in the U.S. Patent and Trademark Office during the prosecution of the application that ultimately led to the issuance of the '446 Patent, as well as the during the prosecution of patent applications related to the '446 Patent, PPC is estopped from asserting that any claim of this patent is infringed by Corning Gilbert under the Doctrine of Equivalents.

## COUNTERCLAIM

31.     Pursuant to FED. R. CIV. P. 13, Counter-Plaintiff, Corning Gilbert, Inc. ("Corning Gilbert"), complains and alleges against Counter-Defendant, PPC Broadband, Inc. d/b/a PPC ("PPC"), as follows:

## NATURE OF THE LAWSUIT

32.     This Counterclaim is an action for a declaration of patent non-infringement, patent invalidity, and unenforceability arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq., and the patent laws of the United States, 35 U.S.C. § 1, et. seq.

## PARTIES

33.     Corning Gilbert is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 5320 W. Camelback Road, Glendale, Arizona.

34.     The Complaint alleges that PPC is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 6176 East Molloy Road, East Syracuse, New York.

## JURISDICTION AND VENUE

35.     This Court has subject matter jurisdiction over these counterclaims based on 28 U.S.C. §§ 1331, 1338, and under FED. R. CIV. P. 13(a) in that this is a compulsory counterclaim to the allegations of the Complaint.

36.     Venue is proper in this judicial district because the declaratory relief sought is a compulsory counterclaim to claims filed by PPC in this case and pursuant to 28 U.S.C. §§ 1367 and 1391(b) .

37.     This Court has personal jurisdiction over PPC, *inter alia*, because PPC has submitted to personal jurisdiction herein by filing its Complaint in this Court.

EAST\66682346.1

## COUNT I
## INVALIDITY – NON-INFRINGEMENT – UNENFORCEABILITY

38.     Corning Gilbert re-alleges and incorporates herein the foregoing responses and allegations.

39.     By virtue of the Complaint filed by PPC in this action, there is an actual and justifiable controversy between Corning Gilbert and PPC concerning non-infringement, invalidity, and unenforceability with respect to the '446 Patent.   A judicial declaration is needed and appropriate to resolve this controversy.

40.     Corning Gilbert seeks a declaration that the products made, used, imported, sold or offered for sale by Corning Gilbert have not and do not infringe, directly or indirectly, any valid and enforceable claim of the '446 Patent and/or that '446 Patent is either invalid or otherwise unenforceable for one or more of the grounds set forth in 35 U.S.C. § 1, *et seq*.

41.     This case qualifies as an exceptional case under 35 U.S.C. § 285.

EAST\66682346.1

## PRAYER FOR RELIEF

**WHEREFORE**, Corning Gilbert respectfully requests that this Court:

A.      Dismiss PPC's Complaint with prejudice;

B.      Order and adjudge that Corning Gilbert has not infringed any valid, enforceable claims of the '446 Patent;

C.      Order and adjudge that the '446 Patent is invalid under the patent laws of the United States for failure to comply with requirements of patentability set forth in Title 35, United States Code § 1, *et seq*.;

D.      Order and adjudge that the '446 Patent is unenforceable;

E.      Order and adjudge that this case is exceptional pursuant to 35 U.S.C. § 285, and award Corning Gilbert its reasonable attorney's fees; and

F.      Grant Corning Gilbert such further relief as this Court deems just and appropriate.

## JURY DEMAND

Corning hereby demands a jury trial on all issues so triable in this case.

Respectfully submitted,

Dated:  December 6, 2013

**DLA PIPER LLP (US)**
**HARTER SECREST & EMERY LLP**

By:   /s/ Andrew N. Stein

Jerauld E. Brydges (Bar Roll No. 511646)
David M. Lascell (Bar Roll No. 301665)
**HARTER SECREST & EMERY LLP**
1600 Bausch & Lomb Place
Rochester, NY  14604-2711
Telephone: (585) 232-6500
Facsimile: (585) 232-2152
E-Mail: jbrydges@hselaw.com
E-Mail: dlascell@hselaw.com

Joseph P. Lavelle (admitted *pro hac vice*)
Andrew N. Stein (Bar Roll No. 514620)
**DLA PIPER LLP (US)**
500 Eighth Street, NW
Washington, D.C.  20004
Telephone: (202) 799-4000
Facsimile: (202) 799-5000
E-Mail: joe.lavelle@dlapiper.com
E-Mail: andrew.stein@dlapiper.com

*Attorneys for Defendant Corning Gilbert Inc.*

## CERTIFICATE OF SERVICE

I certify that on December 6, 2013, I caused

**DEFENDANT CORNING GILBERT INC.'S ANSWER & COUNTERCLAIM**

to be filed electronically with the Clerk of the Court via the CM/ECF system, which gave notice to

all counsel who have made an appearance in this action.

Dated:  December 6, 2013

By:   /s/ Andrew N. Stein

13

EAST\66682346.1