**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____
**PPC BROADBAND, INC.,**
**d/b/a PPC,**

                      **Plaintiff,**                      5:13-cv-538
                                                                 (GLS/DEP)
                **v.**

**CORNING GILBERT INC.,**

                      **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Hiscock, Barclay Law Firm | DOUGLAS J. NASH, ESQ. |
| One Park Place | JASON C. HALPIN, ESQ. |
| 300 South State Street | JOHN D. COOK, ESQ. |
| Syracuse, NY 13202-2078 | |
| **FOR THE DEFENDANT:** | |
| DLA Piper LLP | ANDREW N. STEIN, ESQ. |
| 500 Eighth Avenue NW | JOSEPH P. LAVELLE, ESQ. |
| Washington, DC 22004 | |
| Harter, Secrest Law Firm | DAVID M. LASCELL, ESQ. |
| 1600 Bausch and Lomb Plaza | JERAULD E. BRYDGES, ESQ. |
| Rochester, NY 14604-2711 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

On November 21, 2013, this court issued a Memorandum-Decision and Order, denying Corning Gilbert's motion for summary judgment seeking dismissal of this action on collateral estoppel grounds. (Dkt. No. 20.) Pending is Gilbert's motion for a certificate of appealability on the issue of whether *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553 (Fed. Cir. 1996), precludes application of the claim splitting doctrine to subsequent litigation involving different patents from an earlier-brought action. (Dkt. No. 22.) For the reasons that follow, Gilbert's motion is denied.

## II. Background

The instant case, involving the alleged infringement of U.S. Patent No. 6,676,446 ("446 patent"), was commenced on May 8, 2013. (Compl., Dkt. No. 1.) At the time this action was commenced, PPC had already commenced another patent infringement action against Corning Gilbert, which remains pending. (Dkt. No. 1, 5:11-cv-761.) In that earlier-filed case, PPC alleges that Corning Gilbert's manufacture, sale, and importation of its UltraRange coaxial cable connectors infringes on different PPC patents from the one involved in this lawsuit, namely U.S. Patent Nos. 6,558,194 ("194 patent") and 6,848,940 ("940 patent"). (*Id.* ¶ 1.)

## III. Standard of Review

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)). However, a district court may grant a party leave to appeal a non-final or interlocutory order if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, § 1292 operates as "a rare exception to the final judgment rule that generally prohibits piecemeal appeals . . . [and] is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler*, 101 F.3d at 865-66 (citation omitted). Importantly though, § 1292(b) "was not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation, or to be a vehicle to provide early review of difficult rulings in hard cases." *Martens v. Smith Barney, Inc.*, 238 F. Supp. 2d 596, 600 (S.D.N.Y. 2002) (internal quotation marks and citations omitted). Accordingly, a court should "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distribution Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).

## IV. **Discussion**

The primary area of dispute between the parties on this motion is whether Gilbert can demonstrate that there is a "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Upon review of Gilbert's motion, and the legal authority cited in support thereof, Gilbert has not made such a showing. As *Kearns* explicitly held, the doctrine of claim splitting would not preclude a patent infringement action dealing with a patent that was not at issue in a prior litigation, because each patent raises a distinct cause of action, and therefore represents a distinct transaction for preclusion purposes. 94 F.3d at 1555. As this court pointed out in its order, (Dkt. No. 20 at 6-7), to the court's knowledge, every district court that has dealt with this particular issue in the patent infringement context has applied *Kearns* in the same manner. Gilbert has pointed to no cases on this particular issue where a court has come to a conclusion contrary to that reached by this court in its order, and, in fact, the Federal Circuit itself has since re-affirmed its holding in subsequent cases. *See, e.g.*, *Abbey v. Mercedes Benz of N. Am., Inc.*, 138 F. App'x 304, 307 (Fed. Cir. 2005) ("*Kearns* provides that . . . causes of action based on patents that are not included in a suit are ordinarily not . . . precluded[] by judgments that

pertain to other patents.")  The cases cited by Gilbert in which claim preclusion has barred a subsequent action all deal with situations where the second action involves either: the same patent and same accused products as a prior action, but different or related accused infringers; or, the same patent and same parties, but different or related accused products.  (Dkt. No. 22, Attach. 2 at 7); *see, e.g.*, *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323-27 (Fed. Cir. 2008); *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 620 (Fed. Cir. 1995).  However, the notable distinction is that, in those cases, the same patent was asserted in both actions.  There has thus been no legal authority cited where a party has been precluded from bringing a second patent infringement action, alleging infringement of a different patent than one asserted in a prior action.

The court therefore agrees with PPC that the issue of whether claim splitting applies to subsequent patent infringement suits brought on a separate but related patent to a patent asserted in a prior infringement action fails to satisfy § 1292(b)'s rigid certification requirements, and Gilbert's motion is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Corning Gilbert's motion for a certificate of appealability (Dkt. No. 22) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

March 17, 2014
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court